UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION



NO. 5:25-CR-151-FL-RN

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    **INDICTMENT** |
| | ) |
| CYRIL DOMAQUIK CLEMENS | ) |

The Grand Jury charges that:

## COUNT ONE

On or about October 1, 2020, in the Eastern District of North Carolina and elsewhere, the defendant, CYRIL DOMAQUIK CLEMENS, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a false statement under oath and penalty of perjury, that is:

1. On Part 12, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you EVER involved in any way with any of the following: . . . [f]orcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

2. On Part 12, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

1

<u>COUNT TWO</u>

On or about January 26, 2021, in the Eastern District of North Carolina and elsewhere, the defendant, CYRIL DOMAQUIK CLEMENS, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a false statement under oath and penalty of perjury during his naturalization interview, that is:

1. On Part 12, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you EVER involved in any way with any of the following: . . . [f]orcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

2. On Part 12, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

3. On Part 12, Question 31 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER given any U.S. Government officials any information or documentation that was false, fraudulent, or misleading?" he answered "No" when in fact, as he then knew, he had given U.S. Government officials false, fraudulent, and misleading information on or about October 1, 2020, when he denied ever forcing anyone to have sexual contact or relations when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina. Moreover, he likewise knew that he had given U.S. Government officials false, fraudulent, and misleading information on or about October 1, 2020, when he denied having ever committed a crime or offense for which he had not been arrested when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

2

4. On Part 12, Question 32 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER lied to any U.S. government officials to gain entry or admission into the United States or to gain immigration benefits while in the United States?" he answered "No" when in fact, as he then knew, he lied to U.S. government officials on or about October 1, 2020, when he denied ever forcing anyone to have sexual contact or relations when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina. Moreover, he likewise knew that he lied to U.S. Government officials on or about October 1, 2020, when he denied having ever committed a crime or offense for which he had not been arrested when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

On or about February 19, 2021, in the Eastern District of North Carolina and elsewhere, the defendant, CYRIL DOMAQUIK CLEMENS, did knowingly procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation under penalty of perjury causing his acquisition of citizenship, that is:

1. On Part 12, Question 14.E. of his Application for Naturalization (Form N-400), in response to the question "Were you EVER involved in any way with any of the following: . . . [f]orcing, or trying to force, someone to have any kind of sexual contact or relations?" he answered "No" when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

2. On Part 12, Question 22 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER committed, assisted in committing, or attempted to commit, a crime or offense for which you were NOT arrested?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

3

3. On Part 12, Question 31 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER given any U.S. Government officials any information or documentation that was false, fraudulent, or misleading?" he answered "No" when in fact, as he then knew, he had given U.S. Government officials false, fraudulent, and misleading information on or about October 1, 2020, when he denied ever forcing anyone to have sexual contact or relations when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina. Moreover, he likewise knew that he had given U.S. Government officials false, fraudulent, and misleading information on or about October 1, 2020, when he denied having ever committed a crime or offense for which he had not been arrested when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

4. On Part 12, Question 32 of his Application for Naturalization (Form N-400), in response to the question "Have you EVER lied to any U.S. government officials to gain entry or admission into the United States or to gain immigration benefits while in the United States?" he answered "No" when in fact, as he then knew, he lied to U.S. government officials on or about October 1, 2020, when he denied ever forcing anyone to have sexual contact or relations when in fact, as he then knew, he had forced a child to have sexual contact and relations from November 1, 2011, through March 7, 2022, in Durham County, North Carolina. Moreover, he likewise knew that he lied to U.S. Government officials on or about October 1, 2020, when he denied having ever committed a crime or offense for which he had not been arrested when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

5. On Question 3 of his Notice of Naturalization Ceremony (Form N-445), in response to the question "Since your interview, have you knowingly committed any crime or offense, for which you have not been arrested?" he answered "No" when in fact, as he then knew, he had committed indecent liberties with a child (three counts), crimes for which he had not then been arrested, from November 1, 2011, through March 7, 2022, in Durham County, North Carolina.

4

All in violation of Title 18, United States Code, Section 1425(a).

A TRUE BILL:

REDACTED VERSION
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

FOREPERSON

_____24 Jun 25_____
DATE

DANIEL P. BUBAR
Acting United States Attorney

BY: LORI B. WARLICK
Assistant United States Attorney